UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

                                                      :

MAO-SHENG LIN,                                        :

                                                      :

                                   Petitioner,        :

                                                      :

                -v-                                   :

                                                      :

THE OFFICE OF THE ATTORNEY GENERAL                    :
OF THE UNITED STATES, *et al.*                        :

                                                      :

                                   Respondents.       :

                                                      :

----------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/10/2026

1:26-cv-1759-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On October 30, 2025, petitioner Mao-Sheng Lin first filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention by the Department of Homeland Security, Immigration and Customs Enforcement violates 8 U.S.C. § 1231(a)(6); principles of fairness and due process; and the Due Process Clause of the Constitution.  Dkt. No. 1, 1:25-cv-9039.  On February 13, 2026, the Court denied his petition without prejudice and held that his detention was lawful.  *Lin v. Warden, Orange Cnty. Jail*, 2026 WL 412115 (S.D.N.Y. Feb. 13, 2026). On February 17, 2026, Petitioner once again filed a petition for a writ of habeas corpus.  Dkt. No. 1.

Mr. Lin's petition is again denied without prejudice.  The Government proffered sufficient evidence in connection with his prior petition to rebut his showing that he will not be removed in the reasonably foreseeable future.  *Lin*, 2026 WL 412115, at *3–4.  Only four days elapsed between the Court's prior denial and Mr. Lin's new petition.  Mr. Lin does not point to any facts that would alter the Court's prior conclusion.  *See* Dkt. No. 1.  Accordingly, Mr. Lin's detention remains lawful under 8 U.S.C. § 1231(a)(6) for the reasons stated in the Court's earlier opinion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Mr. Lin has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to mail a copy of this order to Petitioner, to enter judgment for Respondents, and to close this case.

SO ORDERED.

Dated:  March 10, 2026
        New York, New York

_____
GREGORY H. WOODS
United States District Judge

2